OPINION
Appellant, Carl R. Frohman, appeals a decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, in a divorce case filed by appellee, Shirley L. Frohman. The following facts are relevant to a determination of this appeal.
The parties were married in Girard, Ohio on July 1, 1981. They had two daughters as a result of their marriage. On August 6, 1996, appellee filed a complaint for divorce in the Trumbull County Court of Common Pleas, Domestic Relations Division. The matter proceeded as a contested divorce action. Four days of hearings were conducted by Magistrate Anthony Natale. On December 31, 1997, in a written entry, trial court Judge Richard L. James granted the parties a divorce. Sometime between that date and January 7, 1998, the magistrate filed his decision, which does not include a date and is not time-stamped. It is not clear to this court how the trial court judge's decision granting the parties a divorce preceded the filing of the magistrate's decision.
On January 7, 1998, appellant filed a timely request for findings of fact and conclusions of law, which had not been included in the magistrate's decision. The next day, January 8, 1998, Judge James filed a judgment entry adopting the magistrate's decision in its entirety. Then, on January 9, 1998, Judge James entered a judgment ordering counsel for both parties to submit proposed findings of fact and conclusions of law within thirty days. Counsel for both parties complied with the trial court's request.
On February 24, 1998, Judge James adopted the findings of fact and conclusions of law submitted by appellee in their entirety. No findings of fact or conclusions of law were even entered by the only judge or magistrate to actually hear the evidence, Magistrate Anthony Natale. From the trial court's decision, appellant filed a notice of appeal. This appeal was subsequently dismissed by this court, however, due to the fact that the judgment entry did not specifically state the amount of child support arrearages owed to appellee by appellant. Eventually, the issue surrounding the child support arrearage was cleared up and a timely notice of appeal was filed. Appellant now asserts the following assignments of error:
 "1. The trial Court erred to the prejudice of Appellant by adopting the findings of fact and conclusions of law when the Magistrate who actually heard the case during trial did not file an amended Magistrate's Order with Findings of Fact and Conclusions of Law, as required by Ohio Civil Rule 52 and requested by the Appellant.
 "2. The trial court erred to the prejudice of Appellant when it failed to adequately and properly review the proposed findings of fact and conclusions of law, said findings and conclusions were not proper, neglected to settle significant issues, and, in fact, the trial court adopted the findings and conclusions submitted by counsel for Plaintiff verbatim.
 "3. The trial Court abused its discretion when it defined `during the marriage' differently for different items of property for the purpose of valuing such property.
 "4. The trial court abused its discretion in failing to utilize the date the plaintiff filed her complaint for divorce, or the separation of the parties, as the termination date of the marriage.
 "5. The trial court abused its discretion and erred to the prejudice of the appellant when it awarded a parcel of real property to the Appellee that was acquired after and was not found to have been given only to the Appellee by clear and convincing evidence."
In the first assignment of error, appellant contends that the trial court erred by adopting the findings of fact and conclusions of law submitted by appellee when the magistrate who actually heard the case never filed findings of fact and conclusions of law as required by Civ.R. 52, and as requested by appellant.
Civ.R. 52 provides that a party has seven days after notice is provided of the court's announcement of its decision to file a request for findings of fact and conclusions of law. When such a request is made, the court must comply with the request. Civ.R. 53(E)(2) provides that if a magistrate's report does not include findings of fact and conclusions of law, and they are requested pursuant to Civ.R. 52, the magistrate must include the findings of fact and conclusions of law in an amended magistrate's decision. Such procedure was not followed in the instant case.
This court has recently stated:
 "Civ.R. 53 contemplates that the magistrate's decision will include a statement of the basis of his or her findings and recommendations in order to provide the trial court with sufficient information to make its own independent analysis of the decision's validity. * * * Without the decision, the trial court is barred from adopting the recommendation as an order of the court because there is, then, a lack of information upon which it can perform an independent analysis of the questions of law. * * * Finally, the failure to comply with Civ.R. 53 will permit an appellate court to reverse the judgment of the trial court in situations where there was a deviation from the rule and the deviation prejudiced the appellant. (Citations omitted.) In re Bortmas (Oct. 15, 1999), Trumbull App. No. 98-T-0147, unreported, at 5-6.
In Bortmas, a hearing was conducted by a magistrate, but no magistrate's decision was ever filed. Additionally, there was no indication that the trial court judge received any recommendations from the magistrate or that the judge ever received a transcript from the hearing. Further, the trial court did not conduct its own hearing. This court held that the complete failure to abide by Civ.R. 53 warranted a reversal. The trial court could not possibly have made an independent analysis of the magistrate's recommendations and, thus, the appellant was prejudiced.
While the facts of the present case are slightly different from the Bortmas case, the same logic is applicable. In the casesub judice, the magistrate never filed findings of fact or conclusions of law despite appellant's request to do so. Thus, without having had the benefit of hearing any of the evidence or seeing any of the witnesses, and without the opportunity to review any findings by the magistrate, since none existed, the trial court judge came up with his own findings of fact and conclusions of law with the help of appellee's counsel. This is unacceptable. It is crucial that at some point in the proceedings, a neutral magistrate actually hear the evidence, determine the credibility of the witnesses, and render findings of fact and conclusions of law. That did not happen in this case. Until that happens, this court has nothing to review.
Based upon the foregoing analysis, the trial court erred in entering findings of fact and conclusions of law when the trial court judge did not hear the evidence, and the magistrate never filed findings of fact or conclusions of law that would have enabled the trial court judge to conduct an independent analysis. Hence, appellant's first assignment of error is sustained.
Additionally, we note that counsel for appellee appeared at oral argument before this court and conceded that the trial court erred based upon this court's decision in Bortmas, supra. Counsel agreed that this needed to be reversed and remanded on this issue.
Until Civ.R. 53 is properly complied with, it would be premature to address any of appellant's other assignments of error. The judgment of the trial court is hereby reversed and the matter remanded for further proceedings consistent with this opinion.
 ________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.